

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00153-CR

**DONALD EUGENE MIMS,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

_____

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 10-03653-CRF-85

_____

## MEMORANDUM OPINION

_____

Donald Mims was convicted of theft, a state jail felony and sentenced to 22 months in a state jail facility and a $2,500 fine.  TEX. PENAL CODE ANN. § 31.03(a), (e)(4) (West Supp. 2013).  Because the trial court did not abuse its discretion in allowing expert testimony regarding the replacement value of the property, the trial court's judgment is affirmed.

Mims was accused of stealing tires and rims from Robert Sauseda's Chevy Tahoe.  The State alleged in the indictment that the value of the tires and rims was

$1,500 or more, but less than $20,000. In his sole issue, Mims contends the trial court abused its discretion in allowing a state's witness to testify about the replacement value of the tires and rims rather than their fair market value.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement. *Id*.

"Value," as defined by the Penal Code, is "the fair market value of the property or service at the time and place of the offense." TEX. PENAL CODE ANN. § 31.08(a)(1) (West 2011). "Fair market value" has been held to mean the amount the property would sell for in cash, giving a reasonable time for selling it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991). But, if the fair market value of the property cannot be ascertained, then "value" is the cost of replacing the property within a reasonable time after the theft. TEX. PENAL CODE ANN. § 31.08(a)(2) (West 2011).

The State argues that the market value of the rims could not be ascertained; thus, the State was permitted to present testimony of the replacement cost which, combined with the tires, was approximately $2,700. Ascertainment of market value presupposes an existing, established market. *Infante v. State*, 404 S.W.3d 656, 661 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The State's expert testified that he could not identify the specific brand of the rims because the caps were missing. Thus, he looked at similar rims and offered an opinion as to the replacement value of those types of rims which

was $1,663.96. The replacement value of the rims alone fell within the range of value alleged by the State in its indictment. Because the rims could not be identified, there was no market for the rims. Thus, market value could not be ascertained. The trial court did not abuse its discretion in allowing testimony regarding the replacement value of the rims.

The tires, on the other hand, were identifiable and fair market value could be ascertained. Alternatively, even if the testimony of the replacement value should not have been admitted, Mims was not harmed. *See* TEX. R. APP. P. 44.2(b). The expert testified that a fair market value for a combination of both the tires and the rims was between $1,800 and $2,000.[1]

Mims's sole issue is overruled. We affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed June 26, 2014
Do not publish
[CR25]

---

[1] Furthermore, Sauseda, the victim, testified he had paid $2,000 for the rims and tires only a short period of time before they were taken.